May it please the Court, good morning. Faye Arf on behalf of Mr. Pena. Pena, I'm sorry. Pena. Motility over it, yeah. Okay. And I'd like to reserve three minutes for rebuttal. Watch your clock. Okay. And the thing that we find most troubling is when you start counting the days, there's a range here. We believe that there's an interval of 75 days. The prosecution now says 82. There was the district court found 89. And the question that we have, number one, is there's we respectfully disagree that there's a 60-day kind of cutoff period because the courts should really tell us then. They should let us know. In California, if you want to get into Federal court, you cannot file anything longer. You can't wait more than 60 days to file. It should be a kind of a bright line. And there really isn't in California. It's kind of a touchy-feely. Well, but the Supreme Court has directed us that we have to try to treat habeas petitions in California as if they were filed in a state that had a reasonable period to file habeas. So the Supreme Court has directed us that 30 to 60 days is presumptively reasonable. So that's what we have to work with. Yes. And then they say, okay, it's presumptively reasonable. But apparently if there's — in California, if the case of Clark, Enrique Clark, there's a footnote in there, footnote 9 on page 767, that says if the case is summarily denied, it means that the court considered the merits unless a procedural bar is present. So — Well, that doesn't mean it's timely just because the merits were considered, though. Well, but it says that unless a procedural bar is present. So unless a procedural bar is present, which would have been timeliness, they are going to consider it on the merits. So unless the court specifically cites Clark or Robbins, then we must — then under California law, then it would be presumed that the court did not find a procedural timeliness bar and went ahead and considered the merits. Is that a court of appeal case? It's a California Supreme Court case. What year is it? 1993. 5 Calforth 750, footnote 9 on page 767. And that any substantial delay must be explained and justified. It's not extraordinary circumstances. It's just explained and justified. And so — So what's the explanation here? Well, the explanation here is we have an incarcerated defendant who obviously probably didn't know that he had a 60-day deadline, and plus he's in prison, so he has to go through all these additional procedures. Well, the mailbox rule gives him the benefit of having to go through the prison system, right? Yes. Yes. Well, the thing that we see, and one thing that kind of jumps out, is what then is the prejudice? I mean, what is the difference? I mean, would there really have been a difference if he filed on day 60 versus 75 or 82? Well, the problem is that when you get to 82, now we've got Velasquez and our circuit, which went through all of this analysis and at least thought 81 days, there were two delays in that case between successive filings. One was 81, one was 91. But taking the 81, our court held that that was unreasonable. It was substantially beyond the presumptive 60-day outer limit. Believe me, at least speaking for myself, this interplay between our jurisdiction and California's undefined period where we then have to go parse these records and have these arguments with the case. Obviously, Livermore has the same issue. It's not very satisfactory. But unfortunately, absent a bright-line 60-day rule, maybe that's what we should do, create it, and then we'll see if the Supreme Court likes us doing that. Who knows? We have to grapple with the facts of the case. In Velasquez, 81 days was held substantially beyond the limit. So I agree. We're parsing 76, 75. So what do we look at here? Well, we distinguish Velasquez, first of all, because in that case, the Court made it clear that he was represented by counsel. And when you look at Velasquez, there is a little notation that he was rep he he Velasquez was represented at counsel, so he couldn't rely on legal inexperience to excuse the delays. So what was the excuse here? I thought it was proper, essentially, that he, what, he changed, he added a table of contents and a table of authorities. He just filed what he already had. So what's, you know, what's the? Yeah. Well, to us, that's a big deal, you know. I mean, to go through and list the tables of authorities. But he did in his denial, in response to the motion to dismiss, he talks about all the, that's on my excerpts, page 26 and 27. He talks about what he has to go through. He has to give it to his counselor. He has to get fee waivers. He has to do all these things before the petition can go through. And then when you look at it from our standpoint. Go through to? Go through to be sent. So this is within the prison? Yes. Yes. They have to process it. And so there's a lot of confusion as to actually when. But once he gives it to prison authorities, it's considered filed for purposes of the running of the time period. Yes. But then there's always a confusion as to when he did or didn't do that. If we assume the 75 days, that gives him the benefit of every doubt, right? Yes. I just wanted to ask you about your citation to Clark and the argument you made regarding that case. You didn't make that in your briefs, did you? No, I didn't. The reason that I brought it, I raised it now. And, in fact, I did consider it because I tried to look through a number of authorities. For some reason, I didn't. But when I was looking at the Supreme Court cases that came down in Harrington versus Richter and Walker versus Martin, they cited Clark and Robbins. So that led me to bring up Clark based on the subsequent cases. And I know that counsel in the Livermore case filed a 28-J letter. She had mentioned it to me, so I didn't want to. Well, 28-J letters are not for new arguments. Yes. I would like to save some time for rebuttal, if I could. You can have it. Go ahead.  Thank you.  Thank you. Thank you. Good morning, Your Honors. David Andrew Eldridge, Deputy Attorney General for Respondent. I – to the extent my opinion matters, I am not prejudiced by the lack of a citation to Clark, so I don't have a problem with you considering it. The problem is when – that under the California procedure, even if there's a discussion of the merits or whatever, that doesn't – or there's a summary denial, somehow we can't infer anything about what California has found as whether or not there's a procedural bar, a timeliness bar. Well, my – Every time we get one – I get one of these cases, I have to go back and try and understand California's system. What's your – My counsel actually was counsel in Chavez, so she mentioned that. Okay. And what Chavez says and Kerry said is the mere fact that – well, it's the basic point that, as this Court knows, a petition can be denied for more than one reason. Sure. It's not an either-or. So Kerry had a situation where I believe the statement was that – the ruling from the State Court was on the merits, quote, and they said that does not mean it was timely. The Supreme Court said that does not mean the State Court petition was timely, and they drop a note that there's sometimes a court, even though something's untimely, may want to give an alternative basis for a decision as well. They want the person to know it wasn't just a technicality that denied you relief. In Chavez, there was a situation where the denial said nothing. And Chavez said, given that we found that even when it says on the merits, it doesn't preclude a finding it was untimely, when it doesn't say it was on the merits, that also doesn't preclude a finding that it was untimely. So what's your response to opposing counsel's reliance on Clark, which I understand her to say that if that case says if it proceeds on the merit, it can be assumed that there was no procedural bar including a timeliness bar? If that is what she's saying, that's just wrong. There is nothing in Clark, I've read it a number of times, which says that if we reach the merits, it means it was timely. There's absolutely nothing in that case that says that. But that footnote she referenced, what does that mean then? That I – well, it said that when we denied it, it either means there was no prior infatuation case or some other bar applied. That means nothing more than what you would expect, which is they didn't find that while you have a – they did not find you have a timely petition which established a prior infatuation case. That's what it means. A summary denial means that you did not meet both of those conditions. It may be that you failed on one or the other or both, but you did not timely present where you did not present a prior infatuation case without procedural bars. That's not the way she interpreted it. It sounds like you are a little prejudiced by her saying that. Well, what I mean merely is that I don't – I have no objection to you considering the case. Okay. Fine. We doubtless see and I interpret the case differently. If the Supreme Court cites it, I suspect we should consider the case. Indeed. Indeed. And in fact, in Walker v. Martin, which counsel mentions, and this really is part of the fundamental problem when there's a claim that somehow I had good reason for not getting this in within 30 to 60 days. And I say 30 to 60 days, not just 60, because that's what the Supreme Court said. Sixty is the outer limit. There's no presumption that, okay, you start with 60 and you start building from there. But you're not arguing that if someone filed within 60 days that it would be untimely, are you? I am not. I am not saying that at all. I am saying – What if it were 61? Then we'd have a closer case. And that's the problem we've got now with this regime. We start counting. Now we've got 81 in Velazquez, and so now we're counting down between 60 and 81. I understand. And one of the – which is why, again, I make that point. It's 30 to 60. While we're not going – while someone's not going to get – Well, that's because the Supreme Court looked to the practices of other states. Right. California has chosen out of its own wisdom not to adopt a regime that gives a specific time. So we're inventing one for – Well, actually – And that puts us in a very awkward position. Kerry actually – Kerry v. Saffold actually pointed out, Your Honor, that on the preferred alternative in State court, which is a petition for review from the Court of Appeals Denial, it's 10 days. In California? Yes. Okay. So when they were – when they started talking about how 30 to 60 days surely – But does California apply it that way? In other words, is that – you know, is that – I am not saying that California – California Courts of Appeals say, okay, you know, when we get these motions, we're applying a 10-day rule? And anything past 10 days? I am – well, they certainly do that for a petition for review. Right. It is jurisdictional. And the fact is – These aren't petitions for review that are being filed. But Kerry v. Saffold did – was talking about timeliness of habeas petitions, and it specifically referenced California 10-day rule. But California – the point is California does not use that same analogy to determine whether or not post-conviction petitions are timely, right? Well, the United States Supreme Court found it relevant in determining California's procedure. Trying to figure out what – the Supreme Court was struggling with the same thing we struggle with. How to determine whether or not something is timely filed when it's in the California system. Yes. But – and I need to emphasize this point. It isn't just a question of timeliness under California law. If California, for example, came down with a rule tomorrow saying we allow five months, well, now you know that five months is timely in California, but that does not mean it would be pending because that's substantially longer than the other states allow. Well, I don't know about that. I don't know about that. I think that would be a different case because then you would have a finite time period that we are dealing with. So I'm not sure about that. So let's not argue hypotheticals. You don't – California doesn't have five. Why don't you proceed to this case now? We've registered in both cases, I think the bench, Federal bench would really like more clarity, but we're not going to get – we've said it before. We've said it in opinions. So now we've got what we've got. How about this case? All right. Well, in this case, he took 82 days to do something that would have been – that would have sufficed simply by taking a photocopy of what he filed in the California Court of Appeal and filing it the next week. In the district court, did you agree that it was 75 days? Is this the case where you conceded it was 75 days? No, I don't think so. Okay. We have several of these. I may be thinking about a different one. The district court found 89 days, and the district court did so because he didn't prove the date on which he submitted to the custodians for submission. In fact, the dates were contrary, at least on one of his pleadings. He had something that supposedly he had served on May 22nd, and yet attached to it was a May 24th document. I – because I am – Even if we accept that December 12th filing date, that still gives us a gap of 75 days, though, doesn't it? It does. And I don't agree that 75 days is not substantially more than 30 to 60. That would – that seems too long as well, and especially when the idea is that somehow you can justify it by the fact you added something, a table of – a table of authorities to – that simply was not necessary. You don't get to elect to take more time than is reasonable just because you'd like to add something that's unnecessary. Counsel, do you have the record on appeal? Do you have the record? No, I don't. Okay. At ER 18, the government – The excerpts. I'm sorry. Excerpts of record, yes. It appears that in the district court you said for purposes of this case that you would the benefit of the December 12th date, agreeing that 75 days was the correct number of days. Are we – I'm not sure which gap we're talking about. I'm sorry. For the third filing. The December 12th date. All right. In district court, it appears you agreed with that, right? Respondent said under a best-case scenario and without conceding the issue. That's what the FNR said. So we're not conceding that issue. Our position is in the brief, which is even though the court below dinged him by 89 days. But you said we'll consider the third state petition to have been filed on December 12th, 2007. So basically for purposes of the case, you said that you would consider it to be filed on December 12th. We are willing to certainly hold with what the FNR say if you take everything the FNR say, including that delay here was 89 days. We're talking about your position as the position you took as a party in the district court. I'm at a loss to respond. All right. Well, we have the record. We'll look and make a – in any event, your position is the best case for the defendant in this case would be 75 days. And you're defending the untimeliness on 75 days. Yes, although in our position it's 82, even giving him a week, because 89 days does seem overly harsh. All right. But again, the major argument seems to be that, and I will sit down in just a second, that he had a good reason. All he had to do was file a photocopy. So there's no good reason at all. We do have that. Thank you. Yes. Thank you. Ms. Harfa. Yes. Isn't there a considerable gap between 30 to 60 and 75? Well, the way we see it is, look, there's a considerable gap between 30 and 60, and that seems to be okay. So why wouldn't a considerable gap between? Well, the 60 seems to be that the Court is saying that this is the outer limit, that here are the limits, 30 to 60 days, and 60 is out. Well, I don't know. The Court doesn't say, give that kind of bright line. It doesn't give a bright line, but it clearly says within that range, the best you can hope for, if we read it generously, is that you can, if you file within 60 days, then that seems to be presumptively okay. But if you go beyond 60 days, it's awfully clear that there better be some good reason for it to either get the statutory gap tolling, or if you have to go over to equitable tolling, then you have to live up to the demands of equitable tolling, extraordinary circumstance, and so on. It's much higher. But I think you're asking for a bright line, okay? I think the parameters of 30 to 60 are pretty clear, that if somebody waits beyond 60, they're at major risk. Well, I think the thing that's confusing is the 30 to 60. Well, 60 is the outer limit. It's not, maybe, sure. I mean, I'm just saying if we gave it the most generous reading of what the Court was indicating, it's that 60, they prefer 30, but they'll go up to 60, but beyond 60, you're in a different territory. Well, in Chavez's, as I read it here, they, California, would not consider it a — I think they considered — they were looking at a 6-month delay in Chavez, if I recall. And they found — We're talking about what the Supreme Court said. Yeah, the Supreme Court in Chavez. I believe that was a 6-month delay in Chavez. But in the process, the Supreme Court articulated the presumptive time period. But could you respond to opposing counsel's response to your reliance on the Clark case? Yes. The way I read Clark, and I try to take the footnote down as best that I can, unless a procedural bar is present, the Court will determine if the petition states a prima facie case claim for relief. Okay. Okay. So — Okay. Well, I think we have your position. We appreciate the argument. Okay. Thank you. Thank you very much. Thank you. All right. Counsel, thank you on both cases. They're, for all the reasons stated today, difficult cases. Pena is submitted. In the next case —
judges: Mills, Fisher, Rawlinson